UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| | | |
|---|---|---|
| **DAVID DEGEYTER AND MELANIE DEGEYTER** | : | **DOCKET NO. 10-00134** |
| | | |
| **VS.** | : | **JUDGE TRIMBLE** |
| | | |
| **ALLSTATE INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |


## MEMORANDUM ORDER


Before the court is plaintiffs' Motion to Remand.  (Doc. 6).  After having reviewed

plaintiffs' motion and memorandum in support (Doc. 6, Att. 2), defendant Allstate Insurance

Company's ("Allstate") memorandum in opposition (Doc. 8), plaintiffs' reply (Doc. 10), and

Allstate's surreply (Doc. 15), and after hearing argument of counsel, the court has determined

that Motion to Remand should be denied.

## BACKGROUND

Plaintiffs' Petition for Damages, filed September 24, 2007, in the Fourteenth Judicial

District Court for Calcasieu Parish, Louisiana, sought recovery of losses incurred as a result of

Allstate's alleged bad faith handling of their claim for damages caused by Hurricane Rita.  After

suit was filed plaintiffs executed a document entitled "Binding Pre-Removal Stipulation" (herein

"Stipulation") where they agreed to (1) limit the value of their claim to $75,000, (2) renounce

any judgment in excess of $75,000, including penalties and attorneys fees, and (3) not amend

their petition after one year to plead an amount in excess of $75,000, including penalties and

attorney's fees.  Doc. 1, Att. 5, Ex. B

Despite the Stipulation and after retaining new counsel, plaintiffs moved on June 8, 2009, to amend their pleadings to seek damages in excess of $75,000.  The state court granted the motion over objection of Allstate who relied upon the enforceability of the Stipulation which specifically precluded such an amendment.

On September 9, 2009, Allstate filed a Notice of Removal alleging that the amount in controversy now exceeded $75,000 and that federal jurisdiction existed.[1]  Allstate also filed a Motion to Strike Plaintiffs' amended damage request.  That suit (the "first suit") was given docket number 09-1582 and assigned to Judge James Trimble and the undersigned.

On October 15, 2009, Judge Trimble granted Allstate's Motion to Strike the amended complaint allowed by the state court.  Judge Trimble found that the Stipulation was binding and had "the effect of a judicial admission or confession" binding "all parties and the court."  09-1582, Doc. 15, p. 4.  After granting the Motion to Strike, Judge Trimble ordered the matter remanded to state court as this court lacked subject matter jurisdiction, the requisite amount in controversy at that point being below $75,000.

Following remand a status conference was held in state court.  The record before this court reveals no motion that was pending before the state court at the time of the conference on January 8, 2010.  Nevertheless, an order was issued January 21, 2010 and it reads as follows:

> The issue before the court at the conference was whether this court would accept and enforce the Order of the United States District Court that struck plaintiffs' Supplemental and Amending Petition seeking damages in excess of $75,000 after plaintiffs' counsel initially executed a Binding Stipulation limiting all claims to $75,000.  After hearing argument from both plaintiffs and defendant,
>
> IT IS ORDERED that the plaintiffs are hereby authorized to file their Supplemental and Amending Petition in accordance with this court's prior ruling and that the Order of the United States District Court striking plaintiffs' Supplemental and Amending Petition be and it is hereby rejected and set aside as unenforceable in this court.

---

[1] The parties do not dispute that complete diversity of citizenship exists.  28 U.S.C. 1332 (c)(1).

Doc. 1, Att. 4, Ex. A, p. 108.

On January 29, 2010, Allstate removed the matter again to this court and in response

Plaintiffs filed the instant Motion to Remand.

**LAW AND ANALYSIS**

Plaintiffs' original motion sets forth only one argument as to why remand is in order and

that is that 28 U.S.C. § 1447(d) prohibits review of a prior order of remand on appeal or

otherwise.[2]   Plaintiffs rely on this statute and *McClanahan v. State of Louisiana,* 399 F.2d 695

(5th Cir.1968), for the proposition that neither the appellate court nor the district court has

jurisdiction to review a prior remand order.

*McClanahan* did hold that a district court has no jurisdiction to review a previous remand

order; however, Allstate here is not seeking a review of the prior order of remand issued on

October 15, 2009.  Allstate has removed again following the state court's January 21, 2010,

order "striking" and declaring "unenforceable" Judge Trimble's recognition of the validity of the

Stipulation limiting Plaintiffs' recovery to below $75,000.

As Allstate notes in its opposition to the remand, the Fifth Circuit has specifically

recognized defendant's right to seek subsequent removals after remand.  In *S.W.S. Erectors, Inc.,*

*v. Infax, Inc.,* 72 F.3d 489 (5th Cir.1996), the court stated:

> The Fifth Circuit recognizes a defendant's right to seek subsequent removals after
> remand. . . .  As a general rule, once a case is remanded to state court, a defendant
> is precluded only from seeking a second removal *on the same ground*. The
> prohibition against removal "on the same ground" does not concern the theory on
> which federal jurisdiction exists (i.e., federal question or diversity jurisdiction),
> but rather the pleading or event that made the case removable.

---

[2] Section 1447(d) of Title 28 U.S.C. provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise …"

*Id.* at 492-93 (citations and footnotes omitted; emphasis original).  The court in *Erectors, Inc.,* then quoted approvingly from *One Sylvan Road North Assocs. v. Lark Int'l Ltd.*, 889 F. Supp. 60, 62, 63 (D. Conn. 1995) for the proposition that "[a] defendant who fails in an attempt to remove on initial pleadings can file a second removal *when subsequent pleadings or events reveal a new and different ground for removal.*"  (Emphasis original to 72 F.3d at 493).

Plaintiffs rely on this "new and different" language to argue in response to Allstate's position that

> absolutely noting [sic] has changed since Allstate's first removal.  Allstate's first removal alleged this case became removable because the State Court judge refused to enforce an alleged stipulation limiting plaintiffs' damages to $75,000.00.  Allstate's second removal alleges exactly the same thing – that the case became removal [sic] because the State Court judge refused to enforce the same alleged stipulation limiting plaintiffs' damages to $75,000.00.

Doc. 10, p. 1.  Plaintiffs' argument ignores the impact of the January 21, 2010, *sua sponte* order of the state court.

Judge Trimble in his ruling in the first case clearly set forth the appropriate jurisprudence that would require a party to be bound by his judicial confession as well as the court's obligation to honor that confession.  The state court's subsequent *sua sponte* declaration that Judge Trimble's order was rejected and unenforceable in that court constitutes a new ground for removal.  The state court has made it abundantly clear that the amount in controversy in that state court proceeding is ***not*** below $75,000.00 as it refuses to honor an agreement made by the parties.

This removal is not an "appeal" of the first removal and therefore is not precluded by 28 U.S.C. § 1447 (d).

Plaintiffs raise an additional ground for remand in their Reply Memorandum.  There plaintiffs suggest that remand is in order as Allstate filed its removal more than one year after

commencement of the action in violation of 28 U.S.C. § 1446(b).[3]  In surreply to plaintiffs' new

argument, Allstate suggests that the circumstances of this case warrant application of the

"equitable tolling" exception to the limitation recognized in *Tedford v. Warner Lambert Co.,* 327

F.3d 423 (5th Cir. 2003).

The *Tedford* court noted that the one-year bar in 28 U.S.C. § 1446(b) is not jurisdictional

and is subject to equitable tolling.  In *Tedford*, the court found a plaintiff's "forum manipulation

justifies application of an equitable exception in the form of estoppel."  *Id.* at 427.  The Fifth

Circuit noted that inclusion of the time limitation in Section 1446 was an effort by Congress to

reduce "opportunity for removal after substantial progress has been made in state court" but it

was "not intended to allow plaintiffs to circumvent it altogether."  *Id.* at 427 (footnote and

citation omitted).

Plaintiffs signed a document, the Stipulation, and that document was clearly intended to

circumvent defendant's ability to remove to this court.  After the one-year removal limitation

found in Section 1446, plaintiffs were allowed to amend their complaint in derogation of their

agreement and that amendment, absent the one-year limitation, would allow defendant to

remove.  Although we see nothing in the record that caused the state court judge to issue its July

21, 2010, order, we cannot assume that the judge spontaneously combusted the issue and we

could not assume that defendant caused the issue to be raised again.  Plaintiffs must have taken

---

[3] 28 U.S.C. 1446(b) provides, in part, as follows:

    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days
    after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,
    order or other paper from which it may first be ascertained that the case is one which is or has become
    removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of
    this title more than 1 year after commencement of the action.

some affirmative action in the state court proceeding that would cause the trial court to issue its

ruling dismissing the finding of the Federal District court.[4]

The Fifth Circuit in *Tedford* court also considered important the defendant's vigilance in

seeking removal in determining whether to apply equitable tolling of the one-year removal

limitation.  The court noted "the defendants have vigilantly sought [to remove] … [e]ach time it

became apparent that the right to remove existed, [defendant] sought to exercise that right."  *Id.*

at 428.

Applying that consideration to the facts of this case, we note that defendant's first

removal was filed on September 9, 2009, following the state court's August 11, 2009, ruling

allowing plaintiffs to amend their pleadings.  Allstate's second removal was filed January 29,

2010, eight days after the state court's *sua sponte* order rejecting and setting aside Judge

Trimble's ruling.  Defendant has vigilantly sought to remove as required by *Tedford*.

The Fifth Circuit in *Tedford* concluded as follows:

> Where a plaintiff has attempted to manipulate the statutory rules for
> determining federal removal jurisdiction, thereby preventing the defendant from
> exercising its rights, equity may require that the one-year limit in § 1446(b) be
> extended.

*Id.* at 428-429.  Plaintiffs here most certainly manipulated the statutory rules by entering an

agreement then abrogating that agreement after the one-year limitation period had expired.

Equity most certainly calls for a tolling of that limitation under these circumstances for failure to

do so would be to leave behind a most unacceptable and inequitable blueprint for plaintiffs to

---

[4] It is clear in *Tedford* that the Fifth Circuit found the plaintiff's manipulation in that case to be nefarious.  Plaintiffs'
counsel here at oral argument stressed to this court that his action was not subversive, that the original Stipulation
was signed while plaintiffs were represented by previous counsel, and that current counsel's decision to seek
amendment was based on his desire to properly represent his client.  Counsel assured the court **his** actions were not
designed to deprive defendant of the opportunity to litigate in this court.
  While this court has little difficulty in accepting the sincerity of counsel's motivation, the result should be no
different.  An affirmative action was taken by these plaintiffs that was designed to and did impede defendant's right
to remove.  Affirmative action was taken thereafter by these plaintiffs to eradicate the impediment to removal
creating an advantage for them at a distinct disadvantage to defendant.

deprive defendants of their right to remove under otherwise appropriate circumstances.  For these reasons, this court exercises its equitable power to extend the limitation of 28 U.S.C. § 1446(b).

Based on the foregoing, IT IS ORDERED that Plaintiffs' Motion to Remand (Doc. 6) is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana on the 23rd day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE