RECEIVED
SEP 24 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID DEGEYTER AND MELANIE DEGEYTER | : | DOCKET NO. 10-0134 |
| VS. | : | JUDGE TRIMBLE |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the court is "Plaintiffs' Objection to Magistrate Judge's Ruling Denying Plaintiffs' Motion to Remand" (R. #21) wherein the movers seek to have this court remand the instant suit to the Fourteenth Judicial District Court and assess defendant with the costs and expenses, including attorney's fees, incurred by plaintiffs due to defendant's alleged improvident removal.

## PROCEDURAL HISTORY

The original petition for damages was filed September 24, 2007 in the Fourteenth Judicial District Court. Plaintiffs, through their counsel, subsequently executed a "Binding Pre-Removal Stipulation" ("Stipulation") wherein they agreed to (1) limit the value of their claim to $75,000, (2) renounce any judgment in excess of $75,000, including penalties and attorneys fees, and (3) not amend their petition after one year to plead an amount in excess of $75,000, including penalties and attorney's fees.

Plaintiffs thereafter retained new counsel and moved to amend their pleadings to seek damages in excess of $75,000. Defendant, Allstate Insurance Company ("Allstate") objected to the amendment, relying on the Stipulation which expressly precluded such an amendment. The state

court judge granted plaintiffs' motion and allowed the amendment.

In response, Allstate filed a Notice of Removal alleging that the amount in controversy now exceeded $75,000, and that federal jurisdiction existed. Allstate also filed a motion to strike plaintiffs' amended damage request. The federal suit was assigned to the undersigned.

This court granted Allstate's motion to strike the amended complaint allowed by the state court and further found that the Stipulation was binding on the parties.[1] The undersigned then *sua sponte* remanded the matter to state court because the requisite amount was insufficient for federal subject matter jurisdiction.

Even though no motion was pending before the state court, a status conference was held on January 8, 2010 and an order was issued on January 21, 2010 as follows:

> The issue before the court at the conference was whether this court would accept and enforce the Order of the United States District Court that struck plaintiffs' Supplemental And Amending Petition seeking damages in excess of $75,000 after plaintiffs' counsel initially executed a Binding Stipulation limiting all claims to $75,000. After hearing argument from both plaintiffs and defendant,
>
> **IT IS ORDERED** that the plaintiffs are hereby authorized to file their Supplemental and Amending Petition in accordance with this court's prior ruling and that the Order of the United States District Court striking plaintiffs' Supplemental and Amending Petition be and it is hereby rejected and set aside as unenforceable in this court.[2]

On January 29, 2010, Allstate re-removed the matter to this court which was quickly followed by plaintiffs' motion to remand. After briefs were filed and oral arguments heard, Magistrate Judge Kay denied the motion to remand. Plaintiffs now appeal that ruling.

---

[1] R. #15 and #16, Civil Action No. 09-1582.

[2] R. #1, Exhibit A, p. 108.

## LAW AND ANALYSIS

In their brief to Judge Kay, plaintiffs' only argument was that 28 U.S.C. § 1447(d)[3] prohibited either the appellate court or the district court from reviewing a prior order of remand. Plaintiffs argued and continue to argue that "absolutely nothing has changed since Allstate's first removal,"[4] the grounds for removal are exactly the same as in the first removal, therefore 28 U.S.C. § 1447(d) precludes the district court from reviewing the prior remand order.

Judge Kay, relying on *S.W.S. Erectors, Inc. v. Infax, Inc.*,[5] concluded that there were new and different events that caused the subsequent removal by Allstate. Specifically, the state court judge's rejection of this court's finding that the Stipulation was binding on the parties and the order striking the amended pleading. The undersigned agrees that this is a new and different or intervening event that is the basis for Allstate's re-removal, and that we cannot ignore the impact of the January 21, 2010, *sua sponte* order of the state court. Allstate's grounds for removal, or the catalyst that prompted the second notice of removal was the state court's rejection of this court's order. Had the state court not rejected this court's order, Allstate would not have had a basis for removal to federal court. Moreover, Allstate is not seeking appeal of this court's prior remand order by re-removing the case to federal court, and the ruling of the Magistrate Judge was entirely correct in fact and law. Accordingly, it is

---

[3] 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . ."

[4] R. #21, p. 3 of plaintiffs' appeal memorandum.

[5] 72 F.3d 489 (5th Cir. 1996)(a defendant "may file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal*"(emphasis in original)).

**ORDERED** that plaintiffs' appeal of the Magistrate Judge's decision is without merit, the request to remand the instant action is hereby **DENIED,** and plaintiffs' request for costs, expenses and attorney's fees is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of September, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE